2016R000409/mam

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Criminal Number: 18- |
| JOSEPH GOOCH | : | 18 U.S.C. § 371 |

### INFORMATION
(Conspiracy)

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### Introduction

1. At various times relevant to this Information:

### The Defendant and Other Parties

a. Picatinny Arsenal ("PICA") was a United States Army installation located in Morris County, New Jersey. PICA's Research, Development, Engineering Command conducted research, development, acquisition and lifecycle management of advanced conventional weapons systems and advanced ammunitions. PICA provided products and services to all branches of the United States military.

b. Company A, a co-conspirator not named as a defendant herein, was headquartered in Arlington, Virginia and had a branch office in Lake Hopatcong, New Jersey. Company A was a privately held company that had contracts with the United States Department of Defense ("DoD") and specialized in advanced engineering, advanced analytics, management consulting and IT

services, including cyber security. Company A's New Jersey branch office had numerous, multi-million dollar government contracts originating out of PICA and, in that capacity, it provided support for the PICA contracts and had employees working as contractors on PICA.

    c.     Defendant Joseph Gooch ("GOOCH"), a resident of New Jersey, was employed by the United States Army as a civilian employee and was assigned as a General Engineer at PICA in the Weapons and Software Engineering Center, Tactical Effects, Protection and Interactive Technologies Directorate. In addition to his duties as a General Engineer, GOOCH was a Contracting Officer's Representative ("C.O.R."). As a C.O.R., GOOCH was authorized by the United States Army to act as its representative on contracts made with federal contracting companies, such as Company A, and had the responsibility/authority to monitor all aspects of the day-to-day administration of his contracts, to include but not limited to, the ordering of "materials" needed to accomplish the goals of the contract. As the C.O.R. for Company A, GOOCH was also responsible for the evaluation of Company A's work and had influence over the granting of additional future contracts to Company A. GOOCH and CC-2 worked together on Company A's contracts during the time of the alleged conspiracy.

    d. Co-conspirator-1 ("CC-1"), an individual not named as a defendant herein, was a resident of New Jersey. CC-1 was most recently a civilian rehired annuitant at PICA serving as a Senior Products Manager for advanced weapons.

Prior to his retirement and becoming a rehired annuitant, CC-1 was employed at PICA for over 30 years. Immediately prior to retiring, CC-1 held the position of Senior Associate for Advanced Weapons. As the Senior Associate for Advanced Weapons, CC-1 worked on and supervised contract projects with Company A. In that capacity, CC-1 had influence over the awarding of government contracts to Company A, and influenced how the money allocated to Company A's contracts was spent. In addition, CC-1 influenced the funding for Company A's projects and had influence over whether or not Company A would be awarded future government contracts.

   e. Nicole PIER ("PIER"), a co-conspirator not named as a defendant herein, was a resident of New Jersey. PIER was employed by the United States Army as a civilian employee and was an Acquisition Analyst and a C.O.R. at PICA's Weapons and Software Engineering Center, Tactical Effects, Protection and Interactive Technologies Directorate. As a C.O.R., PIER had the same duties and responsibilities as GOOCH. PIER worked directly with GOOCH and had the responsibility/authority to monitor all aspects of the day-to-day administration of her assigned contracts to include contracts with Company A.

   f. Irene POMBO ("POMBO"), a co-conspirator not named as a defendant herein, was a resident of New Jersey. POMBO was a Senior Program manager for Company A and had direct contact with Government employees at PICA. POMBO was a point of contact at Company A for GOOCH, CC-1, and PIER.

## The Conspiracy

2. From in or about January 2006 through in or about December 2017, in Morris County, in the District of New Jersey and elsewhere, the defendant

JOSEPH GOOCH

did knowingly and intentionally combine, conspire, and agree with Company A, CC-1, PIER, POMBO, and others, to commit one or more of the following offenses against the United States, that is:

   a. being a public official, former public official and person selected to be a public official, otherwise than as provided by law for the proper discharge of official duty, directly and indirectly demand, seek, receive, accept, and agree to receive and accept anything of value personally for and because of any official act performed and to be performed by such official or person, contrary to Title 18, United States Code, Section 201(c)(1(B); and

   b. make and present to any person and officer in the civil, military, and naval service of the United States, and to any department and agency thereof, any claim upon and against the United States, and any department and agency thereof, knowing such claim to be false, fictitious, and fraudulent, contrary to Title 18, United States Code, Section 287.

## Objects of the Conspiracy

3. It was the objects of the conspiracy for Company A, through its agents, to corruptly give, offer, and agree to give and offer items of value to GOOCH and other PICA employees for or because of any official act performed or to be performed by GOOCH and other PICA employees in connection with Company A's Government contracts, subcontracts and task orders and for GOOCH and other PICA employees to enrich themselves by accepting items of value for or because of any official act performed or to be performed by the PICA employee in connection with Company A's Government contracts, subcontracts and task orders. It was also an object of the conspiracy for Company A to bill the United States Government for the items of value given to GOOCH and other PICA employees in furtherance of the alleged conspiracy by making or presenting claims upon or against the United States, knowing such claims to be false, fictitious or fraudulent.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that GOOCH and other PICA employees solicited and obtained, both directly and indirectly, items of value from Company A and its agents for personal gain.

5. It was further part of the conspiracy that Company A and its agents directly or indirectly gave, offered, or promised items of value to GOOCH and other PICA employees.

6. It was further part of the conspiracy that GOOCH and other PICA employees provided official action on behalf of Company A by providing favorable

treatment to Company A in connection with United States Government contracts, subcontracts and task orders.

7. It was further part of the conspiracy that GOOCH and other PICA employees provided official action on behalf of Company A by influencing or causing to be influenced other government officials to further Company A's efforts to obtain United States government contracts, subcontracts or task orders.

8. It was further part of the conspiracy that GOOCH and other PICA employees provided advice to Company A on appropriate bid amounts for contracts and/or subcontracts proposals.

9. It was further part of the conspiracy that Company A billed the cost of the items of value given to GOOCH and other PICA employees to government contracts by falsely claiming the items of value given to the PICA employees were "materials" needed to complete the United States contract awarded to Company A.

10. It was further part of the conspiracy that Company A, through its agents, attempted to disguise the corrupt nature of the scheme by causing the creation of false business records.

### Overt Acts

12. In furtherance of the conspiracy and to affect its objects, defendant GOOCH and his co-conspirators, committed or caused to be committed the following overt acts within the District of New Jersey and elsewhere:

   a. On or about January 15, 2014, GOOCH and PIER sent an email from a government email account to POMBO's Company A work email account directing

POMBO to purchase over $6,000.00 worth of Apple products and to charge the Apple order against a military contract. None of the items ordered from Apple by GOOCH and PIER were approved for use on Company A's government contract, but were instead, Apple products for their personal use.

b. On or about January 14, 2015, POMBO sent an email using a Company A email account to PIER's government email account informing GOOCH and PIER that: (1) there was money remaining on one of Company A's contracts with PICA; (2) that the time period for them to use the money ended in two days; and (3) suggesting that GOOCH and PIER place any orders with her now.

c. As a result of the actions taken by POMBO described above in paragraph 12(b), later that day, on or about January 14, 2015, GOOCH and PIER directed POMBO to order approximately $1,000.00 worth of luxury and electronic items that were not approved purchases for Company A's government contract but were instead, items POMBO ordered for GOOCH and PIER's personal use.

d. On or about May 10, 2016, GOOCH and PIER sent an email from a government email account to POMBO's Company A work email account directing POMBO to purchase approximately $4,400.00 worth of Apple products and to charge the Apple order against a military contract that developed and maintained the digital fire control systems for towed artillery digitization programs. None of the items ordered from Apple by GOOCH and PIER were approved for use on Company A's government contract, but were instead, Apple products for their personal use.

e.  On or about June 20, 2016, GOOCH and PIER sent an email from a government email account to POMBO's Company A work email account directing POMBO to order approximately $1,000.00 worth of Apple products and to charge the Apple order against a government contract related to the research and development of anti-tank missiles. None of the items ordered from Apple by GOOCH and PIER were approved for use on the government contract they directed POMBO to charge, but were instead, Apple products for their personal use.

All in violation of Title 18, United States Code, Section 371.

*[signature]*

CRAIG CARPENITO
United States Attorney
District of New Jersey

CASE NUMBER: _____

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

JOSEPH GOOCH

# INFORMATION FOR

Title 18, United States Code, Section 371

## CRAIG CARPENITO
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

MARGARET ANN MAHONEY
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2761